UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIN SIK PARK and MI OG PARK )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DUNDEE MARKET III, INC.; )<br>WILLOW MARKET, INC.; )<br>CHUL MIN KIM; SANG H. KIM; )<br>HO YOUNG HONG; and )<br>YOUNG JA HONG, )<br>)<br>Defendants. ) | Case No. 14-cv-1541<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Min Sik Park and Mi Og Park, filed a five-count Complaint against Dundee Market III, Inc. ("Dundee"); Willow Market, Inc. ("Willow"); Chul Min Kim, Sang H. Kim; Ho Young Hong; and Young Ja Hong (collectively, the "Individual Defendants"). Count I alleges violations of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §201 *et. seq*. Count II alleges violations of the minimum wage provision of the Illinois Minimum Wage Law ("IMWL"), 820 ILL. COMP. STAT. 105/1 *et seq*. Count III alleges violations of the overtime provision of the IMWL. Count IV is a claim for piercing the corporate veil of Dundee and Willow and finding the Individual Defendants personally liable for the obligations of the corporate Defendants. Count V is a claim for unjust enrichment. The Defendants move to dismiss Counts II and III of Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

The following is taken from the Complaint, which is assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir.

1

2010). Plaintiff claims that the Defendants did not pay any wages to Plaintiffs during the course of their employment. (*Id*. at ¶ 1.) Plaintiffs further allege that they were working in excess of 40 hours per week and the Defendants did not pay any overtime wages. (*Id*. at ¶ 1.) Plaintiffs also allege that Defendants' failure to pay regular and overtime wages was willful and intentional. (*Id*. at ¶ 1.) Defendants Ho Young Hong, Young Ja Hong, Chul M. Kim, and Sang H. Kim were the sole governing and dominating personalities of the corporate Defendants: Willow Market, Inc. and Dundee Market III, Inc. (*Id*. at ¶ 66.) Defendant Mrs. Hong was the president of Willow Market, Inc. (*Id*. at ¶ 69.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed.R.Civ.P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

Plaintiffs claim that Defendants did not pay them minimum wage for any hours they worked and that Defendants did not compensate them for overtime wages for hours they worked in excess of 40 hours per work week. Plaintiffs also claim that Individual Defendants are "employers" as defined by the IMWL and should be held personally liable for any violations of the statute. The Individual Defendants argue that Counts II & III of the Complaint should be dismissed as to them since they do not fall under the definition of "employer" in the IMWL.

No Illinois court of review has addressed this particular point of statutory interpretation. When interpreting an Illinois statute without interpretation from the Supreme Court of Illinois, a federal court predicts how that court would address the issue. *Adams v. Catrambone,* 359 F.3d 858, 862 (7th Cir. 2004). The primary goal of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Marshall,* 950 N.E.2d 668 (Ill. 2011). A statute is construed as a whole and the language is given its plain and ordinary meaning. *Id.* Words and phrases are considered in light of other relevant provisions in the statute, and a court must avoid rendering any part meaningless or superfluous. *Id.* It is presumed the legislature did not intend a statute to have absurd, inconvenient, or unjust consequences. *Id.* at 293. Where the language of the statute is clear and unambiguous, the statute applies without the aids of statutory construction. *See People v. Davison,* 906 N.E.2d 545 (Ill. 2009).

The parties dispute the definition of "employer" in the IMWL. The IMWL defines an "Employer" as:

> any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year. An employer is subject to this Act in a calendar year on

and after the first day in such calendar year in which he employs one or more persons, and for the following calendar year.

820 ILL. COMP. STAT. 105/3(c).

Individual Defendants argue canons of statutory construction illustrate that personal liability is not available under the IMWL. They argue the definition of "employer" under the IMWL should be interpreted in the same way as the definition of "employer" under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILL. COMP. STAT. 115/1 *et. seq.* The IWPCA defines an "Employer" as:

> any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed.

820 ILL. COMP. STAT. 115/2. Individual Defendants argue that the IMWL and IWPCA address similar issues and that interpretation of IMWL should be guided by the interpretation of IWPCA. Under the doctrine of *in pari materia*, "different acts which address the same subject matter . . . should be read together such that the ambiguities in one may be resolved by reference to the other." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 990 (7th Cir. 2001). The Individual Defendants cite to a Cook County Chancery Court decision that found no personal liability under the IMWL by comparing it with the IWPCA.[1] Similarly, Individual Defendants argue the Supreme Court of Illinois's decision that officers were not employers under similar language in the IWPCA, should foreclose an interpretation that officers are employers under the IMWL. *See Andrews v. Kona Printing Corp.*, 217 Ill.2d 101, 106-11 (Ill. 2005). However, the reasoning in

---

[1] *Ross Perlumutter v. Houlihan Smith & Company, et. al.*, Case No. 10 CH 50204 (Dec. 14, 2012).

that case rested on the fact that the IWPCA provided for officer liability in a different section of the statute. *Andrews*, 217 Ill.2d at 11. Because of this, the "economic realities" test that federal courts use to determine if an individual is personally liable is unnecessary under the IWPCA. *Id.* A similar provision is not included in the IMWL.

Federal courts have found that individuals can be held liable for IMWL violations. *See Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 651 (N.D. Ill. 2007) (holding that individual defendant could be jointly and severally liable for any violations under the IMWL); *Knapp v. City of Markham*, No. 10 C 03450, 2011 WL 3489788, at *10 (N.D. Ill. Aug. 9, 2011) (holding Fair Labor Standards Act analysis applied to plaintiff's IMWL claims against the individual Defendants). Further, Illinois courts look to Fair Labor Standards Act ("FLSA") regulations and precedents when applying the IMWL. *See Lewis v. Giordano's Enters., Inc.*, 921 N.E.2d 740, 746 (2009) ("federal cases interpreting the FLSA, while not binding on this court, are persuasive authority and can provide guidance in interpreting issues under the [IMWL]"). The FLSA allows for personal liability against officers, agents, and shareholders under the "economic reality" test, which "focus[es] on the role played by the corporate officers in causing the corporation to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits." *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998). Illinois regulations also point to the FLSA regulations for guidance. 56 Ill. Admin. Code 210.120 ("For guidance in the interpretation of the [IMWL], the Director [of the Illinois Department of Labor] may refer to the Regulations and Interpretations of the Administrator, Wage and Hour Division, U.S. Department of Labor, administering the [FLSA].").

The economic realities test focuses on whether "the officer in question (1) holds a significant ownership interest in the corporation; (2) exercises operation control over significant

aspects of the corporation's day-to-day functions, including the compensation of employees; and (3) personally made the decision to continue operations despite financial adversity during the period of nonpayment." *Andrews*, 217 Ill. 2d at 110. Taking all well-pleaded allegations as true and all inferences in the light most favorable to the Plaintiffs, they have alleged enough facts to plausibly suggest personal liability for the Individual Defendants. Plaintiffs allege that the Individual Defendants were the owners. Plaintiffs allege that Chul Min Kim managed and supervised their employment and determined how much Plaintiffs were paid. (Dkt. 24 at ¶¶ 33, 37). They also allege that Chul Min Kim participated in and approved of the unlawful pay practices of the corporate Defendants. (Dkt. 24 at ¶ 38). Finally, Plaintiffs allege that each Individual Defendant approved of, condoned, and/or otherwise ratified every act of the other Defendants.

Plaintiffs have stated a claim that the Individual Defendants may be personally liable for violations of the IMWL.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [28] Counts II and III is denied.

Date:     November 20, 2014          /s/ *[signature]*
                                      JOHN W. DARRAH
                                      United States District Court Judge

6