UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIK SIK PARK and MI OG PARK, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 14-cv-1541 |
| ) | |
| DUNDEE MARKET III, INC., *et al.*, ) | Judge John W. Darrah |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendants have moved to quash five subpoenas issued by Plaintiffs on January 19, 2016. Plaintiffs have moved to extend the close of discovery to January 31, 2016 *nunc pro tunc*. For the reasons stated below, Defendants' Emergency Motion to Quash Plaintiffs' Subpoenas [71] is granted in part and denied in part; and Plaintiffs' Motion to Extend Discovery *Nunc Pro Tunc* [74] is denied.

### **BACKGROUND**

Plaintiffs filed their complaint on March 4, 2014, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 10511, *et seq*. Discovery was originally ordered to close on July 20, 2015. The parties' joint motion to extend discovery to October 20, 2015, was granted on July 20, 2015. A second agreed extension was granted on October 27, 2015, which extended discovery to December 28, 2015.

On January 19, 2016, Plaintiffs issued five subpoenas:

1. A subpoena to MB Financial Bank requesting "Copy [sic] of Monthly Statements and Images of all checks issued pertaining to all open or closed checking, saving [sic] in the name of Willow Market, Inc. 2837 Pfingsten Rd. Glenview, IL 60026 and/or Dundee Market III, Inc. 3069 Dundee Road, Northbrook, IL 60062 from January 1, 2011 to December 31, 2015."

2. A subpoena to MB Financial Bank requesting "Copy [sic] of Monthly Statements and Images of all checks issued pertaining to all open or closed checking, saving [sic] in the name of Chul Min Kim and/or Sang H Kim 318 Voltz Rd, Northbrook IL 60062 from January 1, 2011 to December 31, 2015."

3. A subpoena to BMO Harris Bank requesting "Copy [sic] of Monthly Statements and Images of all checks issued pertaining to all open or closed checking, saving [sic] in the name of Willow Market, Inc. 2837 Pfingsten Rd. Glenview IL 60026 and/or Dundee Market III, Inc. 3069 Dundee Road, Northbrook, IL 60062 from January 1, 2011 to December 31, 2015."

4. A subpoena to BMO Harris Bank requesting "Copy [sic] of Monthly Statements and Images of all checks issued pertaining to all open or closed checking, saving [sic] in the name of Chul Min Kim and/or Sang H Kim 318 Voltz Rd, Northbrook IL 60062 from January 1, 2011 to December 31, 2015."

5. A subpoena to David Kim (Defendant Chul Min Kim's accountant), 252 W. Peterson Ave., Chicago IL 60659, commanding him to appear to testify at the trial of this matter on February 22, 2016 at 1:30 p.m.

(Dkt. 71, p. 2, Exhs. A-E).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(c)(3)(A), a motion to quash must be granted if: (i) a subpoena that fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed.R.Civ.P. 45(d)(3)(A). A party moving to quash bears the burden of demonstrating that a subpoena falls within one of these above-listed categories. *Pacific Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). The decision to quash a subpoena is within the court's sound discretion. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

2

## ANALYSIS

Defendants object to the subpoenas because they were issued after discovery closed. "Trial subpoenas may not be used as a means to engage in discovery after the discovery deadline has expired." *Phipps v. Adams*, 2012 WL 3074047, at *3 (S.D. Ill. July 30, 2012). "[W]hen [a] party . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests[,] including subpoenas[,] after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." M*cNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995).

Plaintiffs argue that these subpoenas were in response to incomplete production from their first Request To Produce Documents:

> 11. All bank statements, or similar documents, related to any account from which Defendants drew funds used to pay wages or other compensation to Plaintiffs at any time between January 1, 2011, and the present.
>
> RESPONSE: Objection based on relevancy as to Dundee Market. Mr. Park was a partner of Willow Market only, and did not have any involvement as to Dundee Market. Notwithstanding the foregoing objection, Defendant answers as follows: Mr. Park did not have access to any of Dundee Market's funds, nor was he paid any money from any of Dundee Market's accounts. As to willow market, Plaintiff Min Sik Park had authority to draw funds as he saw fit from the business bank account of Willow. Defendants never drew funds from such account.

(Dkt. 12, Exh. A p. 4.) Plaintiffs filed a Motion to Compel in response to incomplete discovery responses, which was granted. However, Plaintiffs did not raise the production of bank statements as an issue in their Motion to Compel. Further, Plaintiffs provide no reason why they delayed until after the close of discovery to issue these subpoenas or why they failed to inform the Court of Defendants' supposed violation of a court order. Defendants' Motion to Quash is granted as to the request for bank account records (items 1, 2, 3, and 4 set out above).

As to the subpoena for David Kim to testify at the trial, Defendants argue that the trial subpoena is being used to permit discovery after it has closed and that they received no notice. Defendants cite to *Bufkin v. Norfolk S. Corp.*, which states "trial subpoenas may not be used as a means to engage in discovery after the discovery deadline has expired." *Bufkin v. Norfolk S. Corp.*, 2002 WL 32144317, at *2 (N.D. Ind. Mar. 20, 2002). However, in *Bufkin*, the party was using a trial subpoena to request documents not testimony.

Plaintiffs are correct that no notice is required to subpoena a witness for trial under Federal Rule of Civil Procedure 45. *See* Fed. R. Civ. P. 45(a)(4) ("Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.") However, under Federal Rule of Civil Procedure 26, "a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness − separately identifying those the party expects to present and those it may call if the need arises . . ." Fed. R. Civ. P. 26(a)(3)(A)(i). These disclosures must be made at least thirty days before trial, absent a court order. Since the trial is scheduled for February 22, 2016, and there is no court order to the contrary, all witnesses must have been disclosed by January 23, 2016. Therefore, Plaintiffs' subpoena of David Kim as a trial witness was timely.

Defendants' Motion to Quash is denied as to the subpoena for David Kim to testify at trial.

Plaintiffs have moved to extend the discovery cutoff date, *nunc pro tunc*, to January 31, 2016. In effect, this request seeks to make their subpoenas retroactively timely. As previously stated, Plaintiffs provide no reason why they did not timely issue subpoenas or bring Defendants' failure to comply with a court order to the Court's attention. Plaintiffs' Motion to Extend Discovery *Nunc Pro Tunc* is denied.

## CONCLUSION

Defendants' Motion to Quash or to Vacate Subpoena [71] is granted in part and denied in part. The Motion is granted as to the subpoenas for bank account records. The Motion is denied as to the subpoena for David Kim to testify at trial. Plaintiffs' Motion to Extend Discovery *Nunc Pro Tunc* [74] is denied.

Date:   February 3, 2016          /s/ _____
                                    JOHN W. DARRAH
                                    United States District Court Judge